UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14CV-P49-M

BENNIE L. GAMBLE, JR.                                                    PLAINTIFF

v.

CHIEF SEN JUDGE THOMAS B. RUSSELL                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff Bennie L. Gamble, Jr., initiated the instant action by filing a criminal complaint form against Senior Judge Thomas B. Russell. In the portion of the form labeled "offense description," Plaintiff states, "09/18/11 a Federal 2254 was transferred from U.S District court at Pikeville to U.S District court at Paducah and Sen Judge Thomas .B Russell and he is in direct and aggregious violation of the U.S contitution and federal civil/judicial procedures and rules."

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir.

2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen*, 511 U.S. at 377.

The "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). A "private citizen . . . has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

As a private citizen, Plaintiff cannot bring criminal charges against any individual. He therefore cannot establish that the Court has subject-matter jurisdiction over this action. The Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date: March 29, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4414.010

2